# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ANTHONY VON SMITH,

        Plaintiff,

        v.

DR. WARD, D.D.S., and EARL HOUSER,

        Defendants.

Case No. 3:23-cv-00279-SLG

## SCREENING ORDER

On December 14, 2023, self-represented prisoner Anthony Von Smith ("Plaintiff") filed a civil rights complaint and paid the filing fee.[1] Plaintiff is incarcerated at Goose Creek Correctional Center ("GCCC") in the custody of the Alaska Department of Corrections ("DOC"). Plaintiff alleges GCCC Superintendent Earl Houser and DOC Dentist Dr. Ward ("Defendants") failed to provide him adequate dental care in violation of the Eighth Amendment. On March 11, 2024, Plaintiff filed a "Notice" with a copy of the publicly available redacted version of the State of Alaska Ombudsman's report on its systemic investigation of GCCC's Dental Program.[2] On March 21, 2024, Plaintiff filed a motion for court-appointed counsel.[3]

---

[1] Docket 1.

[2] Docket 4.

[3] Docket 5.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. As discussed below, Plaintiff has not stated a viable claim against Superintendent Houser. However, liberally construed,[4] the Complaint states a plausible claim under the Eighth Amendment against Dr. Ward, which may proceed. Plaintiff is accorded **30 days** to file an amended complaint curing the deficiencies identified in this order with respect to Superintendent Houser or voluntarily dismiss Superintendent Houser and proceed only on his claims against Dr. Ward. The Court has jurisdiction under 28 U.S.C. § 1343.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[5] Although the scope of review generally is limited to the contents of a complaint, a district court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[6] In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[4] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted)).

[5] 28 U.S.C. §§ 1915, 1915A.

[6] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 2 of 11
Case 3:23-cv-00279-SLG   Document 6   Filed 05/06/24   Page 2 of 11

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[7]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[9] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[10] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[11] In conducting its screening review, a district court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[12] Before a district court may dismiss any portion of a

---

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[11] *Id.* (internal quotation marks and citation omitted).

[12] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 3 of 11
Case 3:23-cv-00279-SLG   Document 6   Filed 05/06/24   Page 3 of 11

complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

## DISCUSSION

To prevail on a civil rights claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.[15] In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.[16]

### I. Claims of Inadequate Medical and Dental Care

Prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs.[17] "Serious medical needs can

---

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[15] *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).

[16] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[17] *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 4 of 11
Case 3:23-cv-00279-SLG   Document 6   Filed 05/06/24   Page 4 of 11

relate to physical, dental and mental health."[18] To state a claim of inadequate medical care, including dental care, under the Eighth Amendment, a plaintiff must plausibly allege facts that, if proven, would establish each of the following elements for each named defendant:

(1) the plaintiff faced a serious medical need;

(2) the defendant was deliberately indifferent to that medical need; that is, the defendant knew of that medical need and disregarded it by failing to take reasonable measures to address it; and

(3) the defendant's failure to act caused harm to the plaintiff.[19]

Deliberate indifference is a high legal standard.[20] An Eighth Amendment claim based on deliberate indifference must satisfy both an objective and a subjective test.[21] Deliberate indifference is present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[22]  Under that standard, an inadvertent failure to provide adequate medical care, differences of

---

[18] *Edmo v. Corizon, Inc.,* 935 F.3d 757, 785 (9th Cir. 2019) (internal quotation marks and citation omitted).

[19] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

[20] *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

[21] *Farmer*, 511 U.S. at 832.

[22] *Farmer,* 511 U.S. at 834; *see also Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir. 2002).

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 5 of 11
Case 3:23-cv-00279-SLG   Document 6   Filed 05/06/24   Page 5 of 11

opinion in medical treatment, negligence, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim.[23] A serious medical need is present, when, for example, the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"[24] When prison officials are aware that a dental issue is causing the prisoner severe pain and permanent damage to his teeth and delay in providing treatment, that is sufficient to state a claim of deliberate medical indifference under the Eighth Amendment.[25]

## II. Claim against Dr. Ward

Plaintiff claims that in early January 2022, he began to experience tooth pain. He put in a request to see a dentist in accordance with DOC policy, but was put on a waiting list and had to wait for approximately three weeks to be seen. He alleges that during that approximate three week period, "the tooth pain became so severe as to be unbearable."[26] According to Plaintiff, when he saw Dr. Ward, she told him his only immediate option was to have his tooth extracted; alternatively, he could be placed on another waiting list for up to two years for any procedure

---

[23] *Estelle v. Gamble,* 429 U.S. 97, 105 (1976).

[24] *Clement,* 298 F.3d at 904 (citations omitted).

[25] *Hunt v. Dental Dep't,* 865 F.2d 198, 199–200 (9th Cir. 1989) (citing *Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir. 1984) (holding plaintiff's claim that jailor knew of prisoner's pain from infected tooth but refused to provide dental care for up to three weeks sufficient to state an Eighth Amendment deprivation)).

[26] Docket 1 at 3.

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 6 of 11
Case 3:23-cv-00279-SLG   Document 6   Filed 05/06/24   Page 6 of 11

other than extraction.  While Plaintiff wanted to try to save his tooth, he alleges he was in excruciating pain that was interfering with eating, sleeping, and interactions with others and needed immediate relief. Therefore, he agreed to have his tooth extracted.[27]

Plaintiff alleges he had two more teeth pulled in May and November 2022, with the process "repeated verbatim" and "no attempts made to save the teeth."[28] Plaintiff maintains that when Dr. Ward extracted the first tooth, she "should have been able to identify and prevent the further deterioration of the two teeth," and that "the excessive wait times and lack of preventative care available caused the tooth decay in the two additional teeth."[29]

Accepting all of Plaintiff's factual allegations as true, and construing those facts in the light most favorable to Plaintiff, the Court finds that the Complaint contains sufficient factual material that states a plausible claim for relief against Dr. Ward for deliberate indifference to Plaintiff's need for adequate dental care in violation of the Eighth Amendment

### III. Claim against Superintendent Houser

Plaintiff also names Superintendent Houser in "his individual as well as official capacity, jointly and severally" because he is DOC's "final authority for

---

[27] Docket 1 at 4.

[28] Docket 1 at 4.

[29] Docket 1 at 4.

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 7 of 11
Case 3:23-cv-00279-SLG    Document 6    Filed 05/06/24    Page 7 of 11

inmate grievances and highest authority responsible for the oversight of the general operations within the facility."[30] However, Plaintiff has not set forth specific factual allegations that demonstrate that Defendant Houser played a role in allegedly denying Plaintiff adequate dental care.

Prison officials generally are not liable for damages in their individual capacities unless the "government-official defendant, through the official's own individual actions, has violated the Constitution."[31] In order to sufficiently plead an individual capacity claim under Section 1983, a plaintiff must allege "personal involvement in the constitutional deprivation, or ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[32] Plaintiff's Complaint does not include any such allegations as to Superintendent Houser. Therefore, the Complaint fails to state a plausible claim against Superintendent Houser.

### IV. Leave to Amend or Voluntarily Dismiss Superintendent Houser

Within **30 days** of the date of this order, Plaintiff must file either: (1) an amended complaint stating a plausible claim against Superintendent Houser and restating his claim against Dr. Ward, or (2) a notice of voluntary dismissal as to

---

[30] Docket 1 at 2.

[31] *Iqbal,* 556 U.S. at 676; *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

[32] *Keates v. Koile,* 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks omitted)).

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 8 of 11
Case 3:23-cv-00279-SLG   Document 6   Filed 05/06/24   Page 8 of 11

Superintendent Houser, with this case to proceed only on Plaintiff's claim against Dr. Ward.

An amended complaint, if filed, should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[33] Therefore, Plaintiff must include all claims he seeks to bring in an amended complaint, including restating his claim against Defendant Ward. Any claims not included in the amended complaint will be considered waived. Plaintiff need not include legal reasoning or briefing. Plaintiff should state the facts in his own words, as if he were briefly and concisely telling someone what happened.

Alternatively, Plaintiff can file a Notice of Voluntary Dismissal as to Superintendent Houser only, using the form provided with this order, and then this case will proceed solely as to Dr. Ward.

## Motion to Appoint Counsel

A litigant has no right to an appointed attorney in a federal civil action.[34] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is

---

[33] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[34] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 9 of 11
Case 3:23-cv-00279-SLG   Document 6   Filed 05/06/24   Page 9 of 11

discretionary and granted only in exceptional circumstances.[35] Further, although Section 1915(e)(1) permits a court to request an attorney represent any person unable to afford counsel, the Court cannot force an attorney to accept a case. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 5 is denied without prejudice**.**

**IT IS THEREFORE ORDERED:**

1. Plaintiff is accorded **30 days from the date of this order** to file either:

    a. an amended complaint stating a plausible claim against Superintendent Houser and restating his claim against Dr. Ward; **or**

    b. a notice of voluntary dismissal as to Superintendent Houser only, with this case then to proceed solely as to Plaintiff's claim against Dr. Ward.

2. Plaintiff shall not attempt service of the Complaint until the Court issues an Order Directing Service that explains the requirements of completing service.

3. Plaintiff's Motion for Appointment of Counsel at **Docket 5 is DENIED without prejudice.**

---

[35] *Palmer,* 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 10 of 11
Case 3:23-cv-00279-SLG   Document 6   Filed 05/06/24   Page 10 of 11

4. Plaintiff is expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[36] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

5. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

6. If Plaintiff does not file either (1) an amended complaint to correct the deficiencies as to Superintendent Houser and restate his claim against Dr. Ward, or (2) a Notice of Voluntary Dismissal of Superintendent Houser **within 30 days from the date of this order,** Superintendent Houser may be dismissed with prejudice from this case without further notice to Plaintiff.

7. The Clerk of Court is directed to send Plaintiff the following forms with this order: (1) Prisoner Complaint for Violation of Civil Rights (form PS01) with "FIRST AMENDED" written above the title; (2) Notice of Voluntary Dismissal – Case or Defendant (form PS09B); and (3) Notice of Change of Address (form PS23).

DATED this 6th day of May 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[36] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; the District of Alaska's Local Civil Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00279-SLG, *Smith v. Ward and Houser*
Screening Order
Page 11 of 11
Case 3:23-cv-00279-SLG   Document 6   Filed 05/06/24   Page 11 of 11